**Kenneth Alan FRAZIER,
Plaintiff–Appellant,**

v.

**Captain MITCHELL, named as "Captain Mitchell previously Lt. Miller" on complaint; M. Shockley, Sgt.; S. Nicewander, Ruo, in their personal capacities, Defendants–Appellees.**

No. 02–2446.

United States Court of Appeals,
Sixth Circuit.

Sept. 19, 2003.

Kenneth Alan Frazier, Baraga, MI, pro se.

Kevin M. Thom, Office of the Attorney General, Corrections Division, Lansing, MI, for Defendants–Appellees.

Before SILER, BATCHELDER, and COOK, Circuit Judges.

*ORDER*

Kenneth Alan Frazier, a Michigan state prisoner, appeals pro se the summary judgment for defendants in a civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking injunctive and monetary relief, Frazier filed this complaint against three employees of the Michigan Department of Corrections, arising out of events which occurred on July 11, 1998. Frazier alleged that defendant Nicewander erroneously accused him of misconduct on that date and removed him from the protective custody housing unit to the shower area of a different housing unit pending his transfer to a cell in that unit. Approximately one

half hour later, Frazier was strip searched and moved to the shower area of a third housing unit for the same purpose. Later that day, when Frazier was informed that he was to be moved to a cell in the administrative segregation unit, he objected and asked to speak to a higher authority. Defendants Shockley and Mitchell arrived and spoke to Frazier about his refusal to lock down in the new cell. Permission was obtained from medical personnel to use chemical agents on Frazier. Frazier alleged that he was not told to strip for a search before being gassed by defendant Shockley the first time, but was told to strip after being gassed each of three times over a ten minute period. Frazier asked why he needed to be strip searched a second time, and was told that it was because he had been in contact with porters. Satisfied with this explanation, Frazier did strip for the search after being gassed the third time. He was then placed in restraints and moved to the new cell. Frazier alleged that defendant Nicewander violated a number of state laws, as well as his Fourteenth Amendment due process rights, because he should not have been removed from the protective custody housing unit. He alleged that defendants Mitchell and Shockley violated his Eighth Amendment rights by spraying a chemical agent directly into his eye.

Frazier also moved to amend his complaint to add numerous other defendants and claims from events occurring subsequent to the relevant date of this complaint. The motion was denied. Defendant Shockley's first motion for summary judgment was denied because the district court found that there was an issue of fact as to whether the alleged spraying of the chemical agent directly into Frazier's eye could state an Eighth Amendment claim. Additional discovery was pursued, and each of the defendants again moved for summary judgment. The motions were granted and judgment was entered in favor of defendants on the constitutional claims, with the state law claims being dismissed. On appeal, Frazier reasserts his claim of a due process violation in his removal from the protective custody unit. He also argues that the district court erred in granting summary judgment on his Eighth Amendment claim because the court incorrectly determined that he had been given an order to strip for a search before the first spraying with the chemical agent. He also objects to the denial of his motion to amend the complaint, and argues that two of the defendants were not properly served in a timely fashion.

Initially, it is noted that Frazier has abandoned his state tort claims against defendant Nicewander on appeal. Those claims need therefore not be addressed by this court. *McMurphy v. City of Flushing*, 802 F.2d 191, 198–99 (6th Cir.1986).

Upon consideration, we conclude that defendants properly were granted summary judgment on the federal law claims asserted in the complaint, because there was no genuine issue of material fact and they were entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Frazier's claim that defendant Nicewander violated his due process rights is totally without merit. Frazier claims that he should not have been removed from the protective custody unit. Because his removal did not amount to an atypical and significant hardship, Frazier had no liberty interest entitled to protection under the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Frazier attempts to blame Nicewander for every adverse occurrence that he has experienced since his removal from protective custody. However, because this was the only action taken by Nicewander, he cannot be held responsible for Frazier's subsequent problems.

The district court also properly concluded that defendant Mitchell did not violate Frazier's Eighth Amendment rights by being present when Frazier was gassed. Defendant Shockley, who actually administered the chemical agent, was found not to have violated the Eighth Amendment because the use of force was required to restore order, the spraying was not repugnant to the conscience, and was not obviously malicious or sadistic or done for the purpose of causing harm. *Hudson v. McMillian,* 503 U.S. 1, 9–10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The district court's initial concerns that the alleged spraying of the chemical directly into Frazier's eye might have stated a claim were resolved by the additional discovery, which revealed that the spraying had only the intended effect and did not cause any permanent damage to Frazier's vision. Frazier argues that the district court improperly resolved an issue of material fact by finding that he had been given an order to strip for a search before the first spraying of the chemical. We conclude that this issue is not material, because, although Frazier alleged that he had not received such an order, he also admitted elsewhere that he had refused to be moved to the new cell, and had discussed his refusal to lock down in the new cell with Shockley and Mitchell before medical authorization was sought to use the chemical agent. Part of the process of moving to the new cell was a strip search and the application of restraints. Moreover, Frazier continued to refuse to strip after the first and second applications of the chemical agent, and complied only when the necessity for another search had been explained to his satisfaction. The record is clear that Frazier was refusing to cooperate in the move to a new cell, which motivated the use of the chemical agent, whether or not he was given an order to strip immediately before the first chemical application.

Frazier also argues that the district court erred in denying his motion to amend his complaint. No abuse of discretion is demonstrated here, because defendants would have been prejudiced by prolonging the proceedings, and Frazier was not prejudiced, as he retained the ability to file a separate complaint setting forth his new allegations. *Robinson v. Mich. Consol. Gas Co.,* 918 F.2d 579, 591 (6th Cir. 1990).

Finally, Frazier argues that two of the defendants were not initially served properly. This argument is without merit, as the delay in service did not impact the resolution of this case. None of the defendants were dismissed for failure of service.

For all of the above reasons, the summary judgment for defendants is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.